JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Ava Spencer, Maria Miera, Lakiesha Miles, Kanbique Richards, LaShante' Williams

**(b)** County of Residence of First Listed Plaintiff    Collin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Hugh A. Woodrow, Trowbridge Law Firm, P.C. 1380 E. Jefferson Avenue, Detroit, MI 48207

## DEFENDANTS

Kechia Holloway, Jalia Holloway, Keshauna Holloway, Marcia Smith, Dorressa Allison, Vernal Green, Synergy Elite

County of Residence of First Listed Defendant
                  *(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☐ 3   Federal Question *(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government Defendant | ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |     Product Liability | |     28 USC 157 |     3729(a)) |
| ☐ 140 Negotiable Instrument |     Liability | ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |     Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|     & Enforcement of Judgment |     Slander |     Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |     Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |     Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|     Student Loans | ☐ 340 Marine |     Injury Product | |     New Drug Application | ☐ 470 Racketeer Influenced and |
|     (Excludes Veterans) | ☐ 345 Marine Product |     Liability | | ☐ 840 Trademark |     Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |     Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
|     of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards |     Act of 2016 |     (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending |     Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract |     Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** |     Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |     Property Damage |     Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |     Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - |     Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) |     Exchange |
| |     Medical Malpractice | |     Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |     Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff |     Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ |     Sentence | |     or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability |     Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** |     26 USC 7609 |     Act/Review or Appeal of |
| |     Employment | **Other:** | ☐ 462 Naturalization Application | |     Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| |     Other | ☐ 550 Civil Rights |     Actions | |     State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | |     Conditions of | | | |
| | |     Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1   Original Proceeding | ☐ 2   Removed from State Court | ☐ 3   Remanded from Appellate Court | ☐ 4   Reinstated or Reopened | ☐ 5   Transferred from Another District *(specify)* | ☐ 6   Multidistrict Litigation - Transfer | ☐ 8   Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                       DOCKET NUMBER

DATE    4.3.25            SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #       AMOUNT       APPLYING IFP       JUDGE       MAG. JUDGE

JS 44 Reverse (Rev. 03/24)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

AVA SPENCER, an individual,
MARIA MIERA, an individual                    Case No.
LAKIESHA MILES, an individual,
KANIQUE RICHARDS, an individual, and          Hon.
LASHANTE' WILLIAMS, an individual,

               Plaintiffs,

vs.

KECHIA HOLLOWAY a/k/a KECHIA JACKSON
a/k/a KAE JACKSON, an individual, JALIA HOLLOWAY,
an individual, KESHAUNA HOLLOWAY, an individual,
MARCIA SMITH, an individual, DORRESSA ALLISON,
an Individual, VERNAL GREEN, an individual, and
SYNERGY ELITE ENTERPRISES, LLC a Foreign Limited
Liability Company, J&L MECHANICAL MANAGEMENT
SYSTEMS, LLC, a Michigan limited liability company, not
in good standing, and JEFFREY ATKINS, an individual.

               Defendants.

---

Trowbridge Law Firm, PC
Hugh A. Woodrow, P56468
Tasha Brownlee, P84359
Attorneys for Plaintiffs
1380 E. Jefferson
Detroit, MI 48207
(313) 259-6900
Hwoodrow@trowbridgehouse.com
Tbrownlee@trowbridgehouse.com

---

<div style="writing-mode: vertical-rl">TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900  FACSIMILE (313) 259-3474</div>

## **COMPLAINT**

1

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900  FACSIMILE (313) 259-3474

*There is no other civil action between these parties
arising out of the same transaction or occurrence as
alleged in the complaint pending in this court, nor has
such action recently been filed*

Plaintiffs, Ava Spencer, Maria Miera, Lakiesha Miles, Kanique Richards,

and LaShante' Williams, by and through their attorneys, Trowbridge Law Firm,

P.C., Hugh A. Woodrow, P56468 and LaTasha Brownlee, P84359 and for their

complaint against Kechia Holloway, a/k/a Kechia Jackson, a/k/a Kae Jackson, an

individual, Marcia Smith, an individual, Dorressa Allison, an individual, Vernal

Green, an individual, Synergy Elite Enterprises, LLC, a foreign limited liability

company, J&L Mechanical Management, LLC, a Michigan limited liability

company and Jeffrey Atkins, an individual states as follows:

## JURISDICTIONAL STATEMENT

The district court has jurisdiction in this matter under 28 U.S. Code § 1332 –

Diversity of citizenship; amount in controversy; cost.

The plaintiffs all reside in states outside of Michigan, being Texas, Georgia,

and Ohio.  The defendants, upon information and belief, are residents of Florida

and Michigan or are companies either registered to do business in Michigan or are

Michigan companies.  Business between the parties and the subject of this case

occurred in Michigan and the real properties in question are located in Michigan.

The amount in controversy is in excess of $75,000.

2

1. Plaintiff Ava Spencer is an individual who resides in Wylie, Texas.

2. Plaintiff Maria Miera is an individual who resides in Princeton, Texas.

3. Plaintiff Lakiesha Miles is an individual who resides in Toledo, Ohio.

4. Plaintiff Kanique Richards is an individual who resides in Stone Mountain, Georgia.

5. Plaintiff LaShante' Williams is an individual who resides in Dallas, Texas.

6. Defendant Kechia Holloway, also known as Kechia Jackson, also known as Kae Jackson, is a resident of the state of Florida, but has conducted business and owns property in Michigan.

7. Defendant Jalia Holloway is an individual who, upon information and belief, resides in Florida, but has business dealings and owns property in the State of Michigan.

8. Defendant Keshauna Holloway is an individual who, upon information and belief, resides in Florida, but has business dealings and owns property in the State of Michigan.

9. Defendant Marica Smith, upon information and belief, is a resident of the State of Texas, but has business dealings and owns property in the State of Michigan.

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900  FACSIMILE (313) 259-3474

3

10. Defendant Dorressa Allison is an individual who, upon information and belief, resides in the State of Connecticut, but has business dealings and owns property in the State of Michigan.

11. Defendant Vernal Green is an individual who, upon information and belief, resides in the State of Florida, but has business dealings and owns property in the State of Michigan.

12. Defendant Synergy Elite Enterprises, LLC is a foreign limited liability company, organized in the state of Florida, and is authorized to conduct business in the state of Michigan.

13. Defendant J&L Mechanical Management, LLC is a Michigan limited liability company, not in good standing.

14. Defendant Jeffrey Atkins is an individual who, upon information and belief, resides in the state of Michigan.

15. The actions that give rise to this complaint took place in the State of Michigan and or through interstate banking methods and involves property in the State of Michigan.

16. There is diversity of citizenship between the parties.

17. The amount in controversy is greater than $75,000.

18. Jurisdiction and venue are proper in this Court.

4

## GENERAL ALLEGATIONS

19. Plaintiffs restate and incorporates the allegations contained in paragraphs one (1) through seventeen (17) as though fully set forth herein.

20. Defendant Marcia Smith (hereinafter referred to as "Smith"), upon information and belief, runs a fraudulent real estate investment mentorship business under the names of Level 3 and Life Changing Academy.

21. Smith advertises through Facebook and other social media platforms and charges participants a tuition fee to come to seminars and meetings to allegedly learn how to invest in real estate opportunities in the Metro Detroit area.

22. Smith utilizes the seminars and meetings to connect with unsuspecting victims to convince them to participate in real estate investment opportunities with her co-conspirators, Kechia Holloway, also known as Kechia Jackson, also known as Kae Jackson (hereinafter referred to as "Jackson"), Jalia Holloway (hereinafter referred to as "Jalia"), Keshauna Holloway (hereinafter referred to as "Keshauna"), Dorressa Alison (hereinafter referred to as "Alison"), Vernal Green (hereinafter referred to as "Green"), Jeffrey Atkins (hereinafter referred to as "Atkins"), and Synergy Elite Enterprises, LLC, a foreign limited liability company, organized in the State of Florida but authorized to do business in the State of Michigan

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900   FACSIMILE (313) 259-3474

(hereinafter referred to as "Synergy")(collectively referred to as "Defendants").

23. Defendants utilized various companies, specifically Synergy and J&L Mechanical Management Systems, LLC, a Michigan limited liability company, not in good standing (hereinafter referred to as "J&L") to perpetuate and in furtherance of their fraudulent real estate investment scams.

24. Smith advertised her real estate investment mentorship programs, Level 3 and Life Changing Academy, on Facebook and other social media platforms.

25. Plaintiffs each paid Smith a tuition fee to attend her Level 3 and or Life Changing Academy seminars or mentorship programs.

26. Each of the Plaintiffs paid to travel and for accommodations to attend the seminars or mentorship programs in the Detroit area.

27. Smith introduced each of the Plaintiffs to Jackson as part of her Level 3 or Life Changing Academy seminar / mentorship programs.

28. Jackson worked in conjunction with her two Daughters, Jalia and Keshauna as well as with Smith, Alison and Green to convince Plaintiffs to give them money under the auspicious of investing same to purchase, fix, and sell real estate in the Detroit area.

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE., DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900  FACSIMILE (313) 259-3474

6

29. Synergy used money obtained from the Plaintiffs to purchase and hold real estate in the Detroit area, specifically the properties located at 15472 Tracey Street, Detroit, MI 48227 and 9339 Hartwell Street, Detroit, MI 48228, and 18964 Gilchrist, Detroit, MI.

30. Defendant J&L was the registered agent of Synergy.

31. Defendant J&L is a Michigan limited liability company, not in good standing, with Atkins listed as the registered agent.

32. Defendant Atkins is now the Michigan registered agent for Synergy.

33. Jalia is the Florida registered agent for Synergy.

34. Upon information and belief Jackson, Jalia and Keshauna are the owners and operators of Synergy.

35. Plaintiffs each gave Defendants money at various times and in various amounts through interstate bank wire or through checks sent through the US Postal Service or through other electronic interstate banking fund transfers.

36. Plaintiff Ava Spencer gave Defendants at least Twenty-six thousand six hundred thirty-seven dollars ($26,637.00) due to Defendants fraudulent scheme, see attached Affidavit, **Exhibit A**.

37. Plaintiff Maria Miera gave Defendants at least Seventeen thousand seven hundred eighty-eight dollars ($17,788.00) due to Defendants fraudulent scheme, see attached Affidavit, **Exhibit B**.

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900  FACSIMILE (313) 259-3474

38. Plaintiff Lakiesha Miles gave Defendants at least Nine thousand nine hundred ninety-nine dollars ($9,999.00) due to Defendants fraudulent scheme, see attached Affidavit, **Exhibit C**.

39. Plaintiff Kanique Richards gave Defendants at least Fourteen thousand ninety-eight dollars ($14,098.00) due to Defendants fraudulent scheme, see attached Affidavit, **Exhibit D**.

40. Plaintiff LaShante' Williams gave Defendants at least Twenty-four thousand eight hundred forty-five dollars ($24,845.00) due to Defendants fraudulent scheme, see attached Affidavit, **Exhibit E**.

41. While properties were acquired, fixed-up, and sold by Synergy, Defendants have refused to distribute any funds to the Plaintiffs and have converted the funds to their own use.

42. Defendants sold the property located at 15472 Tracey Steet, Detroit, MI 48227 for One Hundred Thirty-four thousand nine hundred dollars ($134,900) to Ricky R. Craig, as evidenced by the attached Deed, **Exhibit H,** and sold the property located at 9339 Hartwell, Detroit, MI for forty-five thousand dollars ($45,000) on or about September 5, 2024, **Exhibit I**.

43. Defendants have refused and continue to refuse to distribute any of the sale proceeds from the home located at 15472 Tracey Steet, Detroit, MI 48227 or

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900   FACSIMILE (313) 259-3474

the property located at 9339 Hartwell, Detroit, MI to any of the Plaintiff

investors and have converted the sales proceeds to their own use and benefit.

44. On or about March 14, 2022, Plaintiff Ava Spencer paid two thousand nine

hundred ninety-seven dollars ($2,997) to Smith via interstate banking

methods to attend and as tuition for the Life Change Academy.

45. On or about August 8th through the 12th of 2022, Plaintiff Ave Spencer

traveled to Detroit to attend Smith's Life Change Academy seminar / real

estate investment mentorship program.

46. On or about August 8, 2022, Spencer and the other Defendants were

introduced to Jackson and Jackson began her scheme to have Plaintiffs give

her money under the auspice of investing in metro Detroit area properties to

acquire, fix-up and sell and divide the proceeds and profits amongst the

Plaintiffs pursuant to their investment amounts.

47. On or about September 9th through the 11th, 2022, Plaintiffs all traveled to

Detroit and met with Jackson, Alison and Green wherein they furthered their

plan to have Plaintiffs invest in metro Detroit area real estate and to divide

any profits.

48. On or about October 13th through the 17th, 2022 Plaintiffs again traveled to

Detroit to meet with Jackson, Alison and Green wherein further discussion

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900  FACSIMILE (313) 259-3474

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900   FACSIMILE (313) 259-3474

regarding the acquisition of real estate was discussed for investment purposes.

49. On or about September 16, 2022, Plaintiff Ava Spencer transferred funds, at the behest and instruction of Jackson, to the City of Detroit to acquire the home located at 15472 Tracey Street, Detroit, MI, (hereinafter referred to as "Tracey home") which was transferred to Synergy by deed.

50. On or about November 10, 2022, at the behest and instruction of Jackson, Ava Spencer transferred, through interstate banking electronic fund transfer, two hundred twelve dollars and 50/100 ($212.50) to Synergy for repairs at the Tracey home.

51. On or about November 14, 2022, at the behest and instruction of Jackson, Ava Spencer transferred, through interstate banking electronic fund transfer, seven hundred seventy-two dollars and 50/100 ($772.50) to Synergy for repairs at the Tracey home.

52. On or about December 8th through the 11th, 2022 Plaintiff Ava Spencer travel to Detroit to meet with Jackson wherein she continued her scheme to defraud Plaintiffs out of money for her own use and benefit by reinforcing her promise to acquire, fix-up, sell real estate in the metro Detroit area and split the proceeds amongst the Plaintiffs in accordance with their investments.

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900 FACSIMILE (313) 259-3474

53. On or about March 13, 2023, at the behest and instruction of Jackson, Ava Spencer transferred, through interstate banking electronic fund transfer, one thousand dollars ($1,000.00) to Synergy for repairs at the Tracey home.

54. On or about March 17, 2023, at the behest and instruction of Jackson, Ava Spencer transferred, through interstate banking electronic fund transfer, five thousand nine hundred thirty nine dollars and 33/100 ($5,939.33) directly to Floor and Décor for work performed at the Tracey home.

55. On or about March 29 through April 2, 2023, Plaintiff Ava Spencer traveled to Detroit and met with Jackson wherein Jackson discussed the repairs to the Tracey home and reiterated her promise to split the proceeds from the Tracey home sale upon completion of repairs and sale.

56. On or about April 12, 2023, at the behest and instruction of Jackson, Ava Spencer transferred, through interstate banking electronic fund transfer, four hundred dollars ($400.00) to Synergy for repairs at the Tracey home.

57. On or about July 3, 2023, at the behest and instruction of Jackson, Ava Spencer transferred, through interstate banking electronic fund transfer, forty-three dollars and 50/100 ($43.50) directly to Furnished Finders for work performed at the Tracey home.

58. On or about April 25, 2024, at the behest and instruction of Jackson, Ava Spencer transferred, through interstate banking electronic fund transfer, one

hundred fifty-two dollars and 29/100 ($152.29) directly to DTE for work utilities at the Tracey home.

59. On or about June 14, 2024, at the behest and instruction of Jackson, Ava Spencer transferred, through interstate banking electronic fund transfer, one hundred seventy-six dollars and 68/100 ($176.68) directly to DTE for work utilities at the Tracey home.

60. On or about April 22, 2022, Plaintiff Lakiesha Miles paid Smith two thousand nine hundred ninety-seven dollars ($2,997) to attend her Level 3 real estate seminar mentorship program

61. On or about May 12, 2022, Plaintiff Lakiesha Miles traveled to Detroit and was introduced to Jackson by Smith.

62. Upon information and belief on or about September 19, 2022, Smith and Jackson had collected approximately one hundred ninety-five thousand nine hundred sixty-seven dollars ($195,967) to acquire real estate in the metro Detroit area from attendees of Smith Level 3 or Life Change Academy.

63. On or about September 3, 2022, Lakiesha Miles, at the behest and instruction of Jackson, through interstate banking electronic fund transfer, sent two thousand five hundred dollars ($2,500.00) to Synergy for the acquisition of a property in Detroit.

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900 FACSIMILE (313) 259-3474

64. On or about September 12, 2022, at the request of Green, Lakiesha Miles sent and additional two thousand five hundred dollars ($2,500.00) to Synergy through interstate banking methods for the acquisition of a property in Detroit.

65. Jackson and Green both informed Lakiesha Miles her money was to be used to acquire the property located at 9339 Hartwell Street, Detroit, Michigan 48228 and that once acquired it would be fixed up, sold and the proceeds divided accordingly.

66. On or about May 25, 2023, Lakiesha Miles requested her investment money to be returned due to a breakdown of the business relationship.

67. Jackson promised Lakiesha Miles that she would return her initial investment back but has refused and continues to refuse to do so.

68. Jackson sent Plaintiff Lakiesha Miles a document entitled "Real Estate Investment Agreement – Investor Withdrawal" wherein Jackson promised to pay Lakiesha Miles her initial investment of five thousand dollars ($5,000) back, see attached **Exhibit F**, which was signed and returned by Lakiesha Miles, but Jackson never returned the money as promised.

69. Between September 20, 2023, and October 16, 2023, Jackson had several text message conversations with Lakiesha Miles regarding her "investment"

in Detroit property in furtherance of her fraudulent scheme, see attached text messages, **Exhibit G.**

70. Upon information and belief, the property at 9339 Hartwell Street, Detroit, Michigan 48228 was sold on or about September 25, 2024, for forty-five thousand dollars ($45,000).

71. Defendants did not distribute any of the sale proceeds for the Hartwell home to anyone but themselves, which constitutes a RICO violation, conversion and fraud.

72. On or about March 13, 2022, Plaintiff LaShante Williams paid Smith five thousand four hundred ninety-seven dollars ($5,497) for a VIP tuition payment to Change My Life Academy and Proper Business Structure coarse.

73. On or about August 8th through the 12th of 2022, Plaintiff LaShante Williams traveled to Detroit to meet with Smith and was introduced to Jackson.

74. On or about September 9th through the 11th, 2022, Plaintiff LaShante Williams traveled to Detroit where she meet other plaintiffs and Jackson who reiterated her plan to invest money into metro Detroit area real estate using Synergy and that the proceeds would be split between the parties pursuant to the amount of their investments and the sale price of the home their money was used to purchase and fix.

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900 FACSIMILE (313) 259-3474

14

75. On or about September 15, 2022, Plaintiff LaShante Williams and Jackson exchanged several emails wherein Jackson discussed with Plaintiff LaShante Williams the acquisition of a property located at 18964 Gilchrist, Detroit, MI.

76. On or about September 16, 2022, Plaintiff LaShante Williams sent twelve thousand five hundred thirty-six dollars and 48/100 to Synergy, at the request of Jackson, through interstate banking methods, for the purchase of the property located at 18964 Gilchrist, Detroit, MI (hereinafter referred to as the "Gilchrist property").

77. On or about October 13th through the 17th, 2022, Plaintiff LaShante Williams traveled to Detroit and again met with Jacskon regarding the acquisition, fixing up and selling of Detroit area real estate.

78. On or about December 8th through the 11th, 2022, Plaintiff LaShante Williams again traveled to Detroit and met with Jackson who reiterated the plan to take Plaintiffs' money, invest same into the acquisition of real estate, fix it up and sell it, then split the profits between the parties.

79. On or about January 11, 2023, Plaintiff LaShante Williams sent Synergy, at the request of Jackson, four thousand five hundred thirty dollars ($4,530) to evict the current occupants of the Gilchrest property.

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900 FACSIMILE (313) 259-3474

80. On or about March 29, 2023, through April 2, 2023, Plaintiff LaShante Williams, traveled to Detroit and again met with Jackson in furtherance of the repairs and selling of the Gilchrist property.

81. On or about August 31, 2023, Plaintiff LaShante Williams, at the request of Jackson, sent Synergy seventy-three dollars and 33/100 ($73.33) for utilities at the Gilchrist property.

82. On or about September 24, 2023, Plaintiff LaShante Williams, at Jackson's request, sent Synergy one hundred forty-six dollars and 92/100 ($146.92) for holding costs.

83. On or about January 11, 2024, Plaintiff LaShante Williams, at Jackson's request, sent Synergy one thousand two hundred thirty-six dollars and 25/100 ($1,236.25) for a dumpster and clean out fees for the Gilchrist property.

84. All Plaintiffs situation are similar to those as outlined herein for Spencer, Miles, and Williams wherein they paid Smith the tuition fee, traveled to Detroit on several occasions, were introduced to Jackson by Smith and were asked and in fact did give Jackson, Alison or Green money or paid expenses directly to utility companies, contractors or vendors at Defendants request and behest through interstate banking methods all as part of Defendants fraudulent scheme to convert Plaintiffs' money to their own use and benefit.

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900 FACSIMILE (313) 259-3474

## COUNT I – CIVIL RACKETEER INFLUENCE AND CORRUPT

## ORGANIZATION ACT (RICO) CLAIM

85. Plaintiffs restate and incorporates the allegations contained in paragraphs

    one (1) through eighty-four (84) as though fully set forth herein.

86. Defendants, specifically Jackson, Jalia, Keshauna and Atkins, formed

    Synergy a Florida limited liability company and registered it to do business

    in Michigan and act as the registered agents thereof.

87. Synergy was used to collect funds through interstate banking methods from

    the Plaintiffs.

88. Defendants, through Synergy, is considered an "enterprise" for purposes of a

    civil Racketeer Influenced and Corrupt Organization Act (RICO) claim.

89. Defendants acted in concert with one another over a period of time

    collecting money from the various Plaintiffs, as outlined in paragraphs

    thirty-five (35) through thirty-nine (39) of this complaint, on numerous

    occasions to promote their fraudulent enterprise.

90. Defendants' actions demonstrate a pattern of racketeering activity by

    coordinating with one another and collecting funds through different

    interstate banking methods over the course of months into Synergy for

    purposes of defrauding Plaintiff out of money and converting same to their

    own use and benefit.

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900 FACSIMILE (313) 259-3474

17

91. All Defendants had contact with or assisted in the perpetration of the fraud

on Plaintiffs by:

    a.  As to Smith, utilizing Social media to advertise a "real estate"

        investment seminar or class known as Level 3 or Life Changing

        Academy and collecting tuition for same and meeting with Plaintiffs

        to coerce them into investing into real estate deals with Jackson and

        other parties.

    b.  As to Jackson, meeting with Plaintiffs on numerous occasions and

        convincing them to give her money under the auspice of investing in

        real estate to purchase, fix-up, and sell, then dividing the proceeds

        amongst her investors but converting said funds to her own use and

        benefit.

    c.  As to Synergy, being the enterprise utilized by the other Defendants to

        collect and convert funds belonging to the Plaintiffs through interstate

        banking methods and diverting said funds to the use and benefit of the

        Defendants.

    d.  As to Jalia, assisting Jackson and Smith in being the resident agent in

        Florida, setting up, and running Synergy, the enterprise used to collect

        funds from Plaintiffs in furtherance of their fraudulent scheme.

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900  FACSIMILE (313) 259-3474

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE., DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900  FACSIMILE (313) 259-3474

e.  As to Keshauna, assisting Jackson, Smith and Jalai in running Synergy, the enterprise used to collect funds from Plaintiffs in furtherance of their fraudulent scheme.

f.  As to Atkins, being resident agent for and assisting in the running of Synergy in Michigan the enterprise used to collect funds from Plaintiffs in furtherance of their fraudulent scheme.

g.  As to Alison, in meeting with Plaintiffs and assisting the other Defendants in the running of Synergy and talking Plaintiffs into investing with Synergy and the other Defendants to collect funds from Plaintiffs in furtherance of their fraudulent scheme.

h.  As to Green, in meeting with Plaintiffs and assisting the other Defendants in the running of Synergy and talking Plaintiffs into investing with Synergy and the other Defendants to collect funds from Plaintiffs in furtherance of their fraudulent scheme.

92. Defendants through their actions caused Plaintiffs damages as Plaintiffs, due to Defendants' concerted efforts, gave money through interstate banking methods to Synergy or directly to the other Defendants that has been converted to Defendants own use and benefit.

93. Under 18 UC § 1961-68, Plaintiffs are entitled to treble damages and attorney fees.

94. Plaintiffs' damages include, but are not limited to, money given to and converted by Defendants, lost profits on the real estate investments, and attorney fees.

WHEREFORE Plaintiffs request this Court entered a Judgement against Defendants and in favor of Plaintiffs for at least Two Hundred Eighty Thousand Ninety-eight dollars ($280,098), plus lost profits on the investments, plus costs and actual attorney fees and any other relief this Court deems just and equitable.

## COUNT II – CIVIL CONSPIRACY

95. Plaintiffs restate and incorporates the allegations contained in paragraphs one (1) through ninety-four (94) as though fully set forth herein.

96. A civil conspiracy is an agreement, or preconceived plan, to do an unlawful act. *Bahr v. Miller Bros Creamery*, 365 Mich 415, 112 NW2d 463 (1961).

97. The elements of a cause of action for civil conspiracy in Michigan are (1) a concerted action (2) by a combination of two or more persons (3) to accomplish a criminal or unlawful purpose or a lawful purpose by criminal or unlawful means, (4) causing damage to the plaintiff. *Fenestra Inc v Gulf American Land Corp*, 377 Mich 565, 593, 141 NW2d 36 (1966); *Mays v Three Rivers Rubber Corp*, 135 Mich App 42, 48, 352 NW2d 339

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900 FACSIMILE (313) 259-3474

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900  FACSIMILE (313) 259-3474

(1984). *Chancellor v City of Detroit*, 454 F Supp 2d 645, 663 (ED Mich 2006).

98. Defendants were involved in a civil conspiracy in that they are two or more persons who through a concerted effort accomplished a criminal or unlawful purpose by criminal or unlawful means that caused damages to the Plaintiffs.

99. Defendants, together, perpetrated a fraud upon Plaintiffs by convincing them to give Defendants money under the auspices of purchasing real estate in the metro Detroit area to fix-up and sell and then split the proceeds amongst the Parties pursuant to their investment percentage in each property.

100.     Defendants, through Synergy or otherwise did in fact buy certain real property upon information and belief with Plaintiffs' money, including the properties located at 15472 Tracey Street, Detroit, MI 48227 and 9339 Hartwell Street, Detroit, MI 48228, and 18964 Gilchrist, Detroit, MI.

101.     Defendants, through Synergy, sold the property located at 15472 Tracey Street, Detroit, MI 48227 for One Hundred Thirty-four thousand nine hundred dollars ($134,900) to Ricky R. Craig, as evidenced by the attached Deed, **Exhibit H.**

102.     Defendants, through Synergy, sold the 9339 Hartwell, Detroit, MI property for forty-five thousand dollars ($45,000). **Exhibit I.**

103.    Defendants have refused and continue to refuse, despite demands to

do so, to distribute any of the sale proceeds from the sale of the Tracey or

Hartwell home.

104.    Defendants' refusal to return any of the initial investment or to

distribute the sale proceeds as agreed constitutes conversion and is unlawful.

WHEREFORE Plaintiffs request this Court entered a Judgement against

Defendants and in favor of Plaintiffs for at least Two Hundred Eighty Thousand

Ninety-eight dollars ($280,098), plus lost profits on the investments, plus costs and

actual attorney fees and any other relief this Court deems just and equitable.

## COUNT III – FRAUD AS TO SMITH

105.    Plaintiffs restate and incorporates the allegations contained in

paragraphs one (1) through one hundred-four (104) as though fully set forth

herein.

106.    Defendant Smith advertised through various social media sites real

estate investment classes or mentorship programs to teach people how to

find, acquire, repair, and sell properties in the Detroit metro area.

107.    Smith represented to Plaintiffs that she would teach and mentor them

through the process of researching, finding, purchasing, fixing up, and

selling real estate in the Detroit area.

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900  FACSIMILE (313) 259-3474

108.     Smith charge Plaintiffs' a tuition fee for attending her classes or seminars known as Level 3 or Life Changing Academy.

109.     Plaintiffs relied upon Smiths representations and paid her to teach and mentor them through the process of researching, finding, purchasing, fixing up, and selling real estate in the Detroit area.

110.     Once Smith received the Plaintiffs' tuition payments, she simply took their money and introduced them to Jackson.

111.     Smith did not teach or mentor any of the Plaintiffs on how to research, find, purchase, fixing up, or sell real estate in the Detroit area.

112.     The representations made by Smith were false when made or made with complete disregard for their truth.

113.     Smith knew the representation made by her to Plaintiffs were false when made or made recklessly, without any knowledge of the representation's truth and as a positive assertion.

114.     Smith's representations were made with the intention that Plaintiffs would rely and act upon them.

115.     Plaintiffs relied and acted upon Smith's representation and paid Smith to teach and mentor them through the process of researching, finding, purchasing, fixing up, and selling real estate in the Detroit area.

116.     Plaintiffs suffered damages as a result of Smiths actions.

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE. DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900  FACSIMILE (313) 259-3474

117.     Smith's acceptance and keeping of Plaintiffs' money without

performance constitutes conversion and entitles Plaintiffs to treble damages

and an award of attorney fees.

WHEREFORE Plaintiffs request this Court entered a Judgement against

Defendants and in favor of Plaintiffs for at least Two Hundred Eighty Thousand

Ninety-eight dollars ($280,098), plus lost profits on the investments, plus costs and

actual attorney fees and any other relief this Court deems just and equitable.

## COUNT IV – FRAUD AS TO DEFENDANTS JACKSON, JALIA, KESHAUNA, ALISON AND GREEN

118.     Plaintiffs restate and incorporates the allegations contained in

paragraphs one (1) through one hundred seventeen (117) as though fully set

forth herein.

119.     Defendants Jackson, Jalia, Keshauna, Alison and Green represented to

Plaintiffs and entered into an agreement with the Plaintiffs that money given

to them would be used to purchase, fix, and sell properties in the Detroit area

and once the property was sold, the profits would be distributed pursuant to

the percentage of each party's investment in a particular property.

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900  FACSIMILE (313) 259-3474

24

120.   Plaintiffs, in reliance upon Defendants Jackson, Jalia, Keshauna, Alison and Green's representations, gave them money for the purpose of purchasing, fixing up and selling real property in the Detroit area.

121.   Defendants Jackson, Jalia, Keshauna, Alison and Green's utilized Synergy as a company vehicle to collect and disburse funds from Plaintiff in furtherance of their scheme to perpetrate a fraud on Plaintiffs.

122.   Defendants Jackson, Jalia, Keshauna, Alison and Green's knew their representations were false when made or made them recklessly without any knowledge of the r representation's truthfulness and as a positive assertion.

123.   Defendants Jackson, Jalia, Keshauna, Alison and Green's made their representations with the intent that Plaintiffs rely upon them.

124.   Plaintiffs relied upon Defendants Jackson, Jalia, Keshauna, Alison and Green's false representations and sent money to Synergy and or purchased property that was then conveyed into Synergy's name as owner.

125.   Plaintiffs have suffered damages because of their reliance on Defendants Jackson, Jalia, Keshauna, Alison and Green's false representations.

126.   Defendants all made certain statements to the Plaintiffs that money given to them would be used to purchase, fix-up, and sell real estate in the Detroit area.

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900   FACSIMILE (313) 259-3474

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900  FACSIMILE (313) 259-3474

127.     Defendants, through Synergy or otherwise did in fact buy certain real property upon information and belief with Plaintiffs' money, including the properties located at 15472 Tracey Street, Detroit, MI 48227 and 9339 Hartwell Street, Detroit, MI 48228, and 18964 Gilchrist, Detroit, MI.

128.     Defendants, through Synergy, sold the property located at 15472 Tracey Street, Detroit, MI 48227 for One Hundred Thirty-four thousand nine hundred dollars ($134,900) to Ricky R. Craig, as evidenced by the attached Deed, **Exhibit H.**

129.     Defendants, through Synergy, sold the property at 9339 Hartwell, Detroit, MI for forty-five thousand dollars ($45,000), as evidenced by the attached Deed, **Exhibit I**.

130.     Defendants have refused and continue to refuse, despite demands to do so, to distribute any of the sale proceeds from the sale of the Tracey or Hartwell homes.

WHEREFORE Plaintiffs request this Court entered a Judgement against Defendants and in favor of Plaintiffs for at least Two Hundred Eighty Thousand Ninety-eight dollars ($280,098), plus lost profits on the investments, plus costs and actual attorney fees and any other relief this Court deems just and equitable.

## COUNT V – CONVERSION

131.   Plaintiffs restate and incorporates the allegations contained in

paragraphs one (1) through one hundred thirty (130) as though fully set forth

herein.

132.   Plaintiffs entered into an agreement with Defendant to locate,

purchase, fix-up, and sell real estate in the Detroit metro area.

133.   Plaintiffs, through various interstate banking methods and through

several separate transactions over the course of months, gave money to

Defendants to purchase, fix-up, and sell real estate in the Detroit metro area.

134.   Defendants did purchase real property and upon information and

belief did so with Plaintiffs money, being the properties located at 15472

Tracey Street, Detroit, MI 48227 and 9339 Hartwell Street, Detroit, MI

48228, and 18964 Gilchrist, Detroit, MI.

135.   Defendants, through Synergy, sold the property located at 15472

Tracey Street, Detroit, MI 48227 for One Hundred Thirty-four thousand nine

hundred dollars ($134,900) to Ricky R. Craig, as evidenced by the attached

Deed, **Exhibit H.**

136.   Defendants, through Synergy, sold the property at 9339 Hartwell,

Detroit, MI for forty-five thousand dollars ($45,000), as evidenced by the

attached Deed, **Exhibit I**.

**TROWBRIDGE LAW FIRM, P.C.**
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900 FACSIMILE (313) 259-3474

27

137.    Plaintiff repeatedly, both orally and in writing, demanded the sale proceeds be divided for the sale of the Tracey and Hartwell homes.

138.    Defendants have refused and continue to refuse, despite demands to do so, to distribute any of the sale proceeds from the sale of the Tracey and Hartwell homes but have instead converted those funds to their own use and benefit.

139.    Defendants' actions are wrongful and amount to common-law conversion and conversion under MCL 600.2919a, which entitles Plaintiffs to treble the amount of actual damages in the amount of Two Hundred Eighty Thousand Ninety-eight dollars ($280,098).

WHEREFORE Plaintiffs request this Court entered a Judgement against Defendants and in favor of Plaintiffs for at least Two Hundred Eighty Thousand Ninety-eight dollars ($280,098), plus lost profits on the investments, plus costs and actual attorney fees and any other relief this Court deems just and equitable.

## COUNT VI - FRAUDULENT MISREPRESENTATION

140.    Plaintiffs restate and incorporates the allegations contained in paragraphs one (1) through one hundred thirty-nine (139) as though fully set forth herein.

28

141.    The elements of fraudulent misrepresentation are the following: (1)
the defendant made a material misrepresentation; (2)  the representation was
false; (3) when the defendant made the representation, the defendant knew
that it was false, or made it recklessly, without knowledge of its trust as a
positive assertion; (4) the defendant made the representation with the
intention that the plaintiff would act upon it; (5) the plaintiff acted in
reliance upon it; and (6) the plaintiff suffered damage. *Diponio Construction
Co., Inc. V. Rosati Masonry Co., Inc.* 246 Mich App 43, 51; 631 NW2d 59
(2001).

142.    Defendants made material misrepresentations to Plaintiffs that they
would use money given to them to purchase, fix-up, and sell real estate in
the Detroit metro area and the proceeds would be split pursuant to each
Plaintiffs' investment in each individual property.

143.    The representations made by Defendants that they would divide the
sale proceeds proportionally between the Plaintiffs based on their
investments into each property were false when made and remain false today
as they have refused to do so as promised.

144.    Defendants knew or should have known the representations were false
when made, or made them recklessly, without any knowledge of their truth
and as a positive assertion.

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900   FACSIMILE (313) 259-3474

29

145.    Defendants made the representations with the intention that the Plaintiffs would rely on them and would give money to Defendant who in turn would purchase, fix-up, and sell real estate in the Detroit metro area.

146.    Plaintiffs relied upon Defendants statements and collectively gave over ninety-seven nine hundred sixty-eight dollars ($97,637) to Defendants through various interstate banking methods in numerous occurrences over a period of time.

147.    Defendants through Synergy or otherwise did in fact buy certain real property, upon information and belief with Plaintiffs' money, including the properties located at 15472 Tracey Street, Detroit, MI 48227 and 9339 Hartwell Street, Detroit, MI 48228, and 18964 Gilchrist, Detroit, MI.

148.    Defendants, through Synergy, sold the property located at 15472 Tracey Street, Detroit, MI 48227 for One Hundred Thirty-four thousand nine hundred dollars ($134,900) to Ricky R. Craig, as evidenced by the attached Deed, **Exhibit H.**

149.    Defendants, through Synergy, sold the property at 9339 Hartwell, Detroit, MI for forty-five thousand dollars ($45,000), as evidenced by the attached Deed, **Exhibit I**.

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900  FACSIMILE (313) 259-3474

150.    Defendants have refused and continue to refuse, despite demands to

do so, to distribute any of the sale proceeds from the sale of the Tracey or

Hartwell homes.

WHEREFORE Plaintiffs request this Court entered a Judgement against

Defendants and in favor of Plaintiffs for at least Two Hundred Eighty Thousand

Ninety-eight dollars ($280,098), plus lost profits on the investments, plus costs and

actual attorney fees and any other relief this Court deems just and equitable.

## COUNT VII - FRAUD IN THE INDUCEMENT

151.    Plaintiffs restate and incorporates the allegations contained in

paragraphs one (1) through one hundred fifty (150) as though fully set forth

herein.

152.    The elements of fraud in the inducement are the following: (1) The

defendant made a material representation; (2) the representation was false;

(3) when the defendant made the representation, the defendant knew that it

was false, or made it recklessly, without knowledge of its truth and as a

positive assertion; (4) the defendant made the representation with the

intention that the plaintiff would act upon it; (5) the plaintiff acted in

reliance upon it; and (6) the plaintiff suffered damage. *Custom Data*

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900  FACSIMILE (313) 259-3474

31

*Solutions, Inc v Preferred Capital, Inc*, 274 Mich App 239, 243, 733 NW2d
102 (2006) (quoting *Belle Isle Grill Corp v City of Detroit*, 256 Mich App
463, 477, 666 NW2d 271 (2003).

153.     Defendants made material misrepresentations to Plaintiffs that they
would use money given to them to purchase, fix-up, and sell real estate in
the Detroit metro area and the proceeds would be split pursuant to each
Plaintiffs' investment in each individual property in their efforts to induce
Plaintiffs to enter into the contract with them and invest in real estate in the
Detroit metro area.

154.     The representations made by Defendants that they would divide the
sale proceeds proportionally between the Plaintiffs based on their
investments into each property were false when made and remain false today
as they have refused to do so as promised.

155.     Defendants knew or should have known the representations were false
when made, or made them recklessly, without any knowledge of their truth
and as a positive assertion.

156.     Defendants made the representations with the intention that the
Plaintiffs would rely on them and would extend credit to Defendant and
provided goods and services for preparation and sale of Defendant's
property.

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900 FACSIMILE (313) 259-3474

32

157.    Defendants made the representations with the intention that the

Plaintiffs would rely on them and would give money to Defendant who in

turn would purchase, fix-up, and sell real estate in the Detroit metro area.

158.    Plaintiffs relied upon Defendants statements and collectively gave

over ninety-seven nine hundred sixty-eight dollars ($97,637) to Defendants

through various interstate banking methods in numerous occurrences over a

period of time.

159.    Defendants through Synergy or otherwise did in fact buy certain real

property, upon information and belief with Plaintiffs' money, including the

properties located at 15472 Tracey Street, Detroit, MI 48227 and 9339

Hartwell Street, Detroit, MI 48228, and 18964 Gilchrist, Detroit, MI.

160.    Defendants, through Synergy, sold the property located at 15472

Tracey Street, Detroit, MI 48227 for One Hundred Thirty-four thousand nine

hundred dollars ($134,900) to Ricky R. Craig, as evidenced by the attached

Deed, **Exhibit H.**

161.    Defendants, through Synergy, sold the property at 9339 Hartwell,

Detroit, MI for forty-five thousand dollars ($45,000), as evidenced by the

attached Deed, **Exhibit I**.

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900  FACSIMILE (313) 259-3474

162.     Defendants have refused and continue to refuse, despite demands to

do so, to distribute any of the sale proceeds from the sale of the Tracey and

Hartwell homes.

WHEREFORE Plaintiffs request this Court entered a Judgement against

Defendants and in favor of Plaintiffs for at least Two Hundred Eighty Thousand

Ninety-eight dollars ($280,098), plus lost profits on the investments, plus costs and

actual attorney fees and any other relief this Court deems just and equitable.

Respectfully Submitted,

Trowbridge Law Firm, PC

Dated: April  _3_ , 2025

Hugh A. Woodrow (P56468)
Tasha Brownlee (P84359)
Attorneys for Plaintiffs
1380 East Jefferson Avenue
Detroit, MI 48207
Hwoodrow@trowbridgehouse.com
Tbrownlee@trowbridgehouse.com
(313) 259-6900

TROWBRIDGE LAW FIRM, P.C.
1380 E. JEFFERSON AVE, DETROIT, MICHIGAN 48207
TELEPHONE (313) 259-6900  FACSIMILE (313) 259-3474