UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AVA SPENCER, MARIA MIERA, LAKIESHA MILES, KANIQUE RICHARDS, and LASHANTE WILLIAMS,<br><br>     Plaintiffs,<br><br>vs.<br><br>KECHIA HOLLOWAY, JALIA HOLLOWAY, KESHAUNA HOLLOWAY, MARCIA SMITH, VERNAL GREEN, SYNERGY ELITE ENTERPRISES, LLC, J&L MECHANICAL MANAGEMENT SYTEMS, LLC, and JEFFREY ATKINS,<br><br>     Defendants. | 2:25-CV-10965-TGB-APP<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING DEFENDANT VERNAL GREEN'S MOTION TO VACATE CLERK'S ENTRY OF DEFAULT**<br>**(ECF NO. 63)** |

  This matter is before the Court on Defendant Vernal Green's Pro Se Motion to Vacate Clerk's Entry of Default. ECF No. 63. Green, proceeding pro se, moves to vacate the Clerk's Entry of Default against him, ECF No. 45, because he was never properly served in this matter. For the reasons that follow, Green's motion will be **GRANTED**.

  The Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). This standard is "extremely forgiving to the defaulted party." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010). The Court must consider three factors to determine whether there is good cause: (1) whether the defendant's "culpable conduct" led to

1

the default, (2) whether the defendant's defense is "meritorious," and (3) whether the plaintiff would be prejudiced. *Id.* at 324 (citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). Of those factors, the Court must consider "prejudice to the plaintiff and the presence of a meritorious defense" the most important. *Id.* at 324–25. "A defense is meritorious if 'there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Id.* at 326 (quoting *Burrell v. Henderson,* 434 F.3d 826, 834 (6th Cir. 2006)).

The Court finds good cause exists to set aside the Clerk's entry of default against Green. Green's conduct was not willful. *See Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986) ("To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings."). Green explains in his motion that he has not lived at the address where he was purportedly served since December 2024, and thus he was never properly served with the Complaint in this action. ECF No. 63, PageID.259–60. However, after he recently learned about the pendency of this case from one of the other parties to the litigation, he filed a Pro Se Answer to Plaintiffs' Complaint on October 24, 2025. *Id.* PageID.260 (citing Answer at ECF No. 61). He then filed this instant motion to vacate the Clerk's entry of default against him. *Id.* Plaintiffs' failure to serve Green

2

pursuant to the Federal Rules of Civil Procedure provides a meritorious defense, and Plaintiffs have failed to respond to Green's motion or argue that they will be prejudiced should the Court vacate the entry of default. *See Dassault Systemes, SA v. Childress,* 663 F.3d 832, 842 (6th Cir. 2011) ("Delay alone is not a sufficient basis for establishing prejudice.") (citation modified).

Sixth Circuit precedent strongly favors "a policy of resolving cases on the merits instead of on the basis of procedural missteps." *$22,050.00 U.S. Currency*, 595 F.3d at 322. The lack of prejudice to Plaintiffs, as well as the absence of any colorable argument that Green's asserted defenses lack merit or that Green intended to thwart judicial proceedings, supports the conclusion that the default should be set aside pursuant to Rule 55(c). *See Thompson v. American Home Assur. Co.*, 95 F.3d 429, 434 (6th Cir. 1996) ("'Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'") (citation omitted).

Accordingly, the Court **GRANTS** Defendants' Motion to Vacate Clerk's Entry of Default. (ECF No. 63). The Clerk is directed to **VACATE** Clerk's Entry of Default at ECF No. 45.

**IT IS SO ORDERED.**

Dated: December 22, 2025   /s/Terrence G. Berg
                                            HON. TERRENCE G. BERG
                                            UNITED STATES DISTRICT JUDGE